UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

HYTHONYO PILLOW                                                                    PLAINTIFF

V.                                     No. 4:20-cv-00222-DPM-JTR

TIM RYALS, Sheriff,
Faulkner County Jail, *et al*.                                                     DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiff Hythonyo Pillow ("Pillow") initiated this *pro se* action by filing a § 1983 Complaint alleging that, while detained and awaiting trial in the Faulkner County Jail ("FCJ"), he experienced inhumane conditions of confinement due to an overflowing toilet. *Doc. 1.* He later filed an Amended Complaint clarifying and adding to his constitutional claims.[1] *Doc. 5.*

---

[1]The Court has read these two pleadings together, as constituting Pillow's claims. *See*

Before Pillow may proceed with this action, the Prison Litigation Reform Act requires the Court to screen his pleadings to ensure that his claims warrant further legal consideration. 28 U.S.C. § 1915(A)(a). The Court must dismiss a complaint or a portion thereof if a prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

## II.   Discussion

In his Complaint and Amended Complaint, Pillow alleges that, for 6 days, from December 20, 2019 to December 26, 2019, he was forced to endure the "disgusting smell" of human waste and urinate in a mop bucket due to a broken toilet in this cell.   He also alleges that for 29 days, between December 5, 2019 and January 2, 2020, the sink in his cell did not have hot water; a window in his cell leaked, which

---

*Topchian v. JPMorgan Chase Bank*, *N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (*pro se* complaint must be "liberally construed" and "*pro se* litigants are held to a lesser pleading standard than other parties"); *Kiir v. N.D. Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint.").

forced him to sleep on the floor when it rained;[2] and a sink in "B-pod" leaked. Pillow contends that Defendants Sheriff Ryals, Captain Miller, Lieutenant Neal, and Sergeant Page all failed to have these problems fixed in a timely fashion.[3]

In his prayer for relief, Pillow seeks $2,500,000 in compensatory damages and requests that all Defendants be fired. *Doc. 1 at 6; Doc. 5 at 7.*

### A. Pillow's Request for Injunctive Relief

Because Pillow is no longer detained in the FCJ, his claim for injunctive relief is now moot, as a matter of law. *Zajrael v. Harmon,* 677 F.3d 353, 355 (8th Cir. 2012) (holding that a prisoner's request for injunctive relief is rendered moot when he is transferred to another facility and is no longer subject to the allegedly unconstitutional conditions).

### B. Pillow's Request for Compensatory Damages Based On the Alleged Inhumane Conditions of Confinement In His Cell

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from any conditions of confinement amounting to "punishment." *Bell v Wolfish,* 441 U.S. 520, 535 (1979). Whether conditions of confinement constitute

---

[2] Pillow does not state how often this occurred.

[3] The grievances attached to Pillow's Amended Complaint indicate that on December 20, the same day Pillow reported the toilet had overflowed, Sergeant Page advised Pillow that a plumber had been called, and the next day, December 21, the plumber came to the jail and removed a blanket from the clogged drain. *Doc. 5 at 11-12*. Thus, Pillow's own pleadings suggest that the overflowing toilet was fixed on the second day. Still, for purposes of considering whether Pillow has stated a claim, the Court considers, as true, Pillow's allegation that the smells lingered for six days.

punishment must be determined based on the totality of the circumstances created by the conditions and the duration of exposure to those conditions. *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 909 (8th Cir. 2020); *Owens v. Scott County Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003); *Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996); *Green v. Baron,* 879 F.2d 305, 309 (8th Cir. 1989).

Under the Fourteenth Amendment, punishment that "deprive[s] inmates of the minimal civilized measures of life's necessities" is unconstitutional. *Owens,* 328 F.3d at 1027; *see also Green,* 879 F.2d at 309-10 (pretrial detainees have a "right to a safe and healthy environment," and must be provided "basic human necessities," including adequate food, clothing, shelter, personal hygiene, and sanitation). The length of time that a detainee is subjected to the allegedly unconstitutional conditions is a "critical factor" in the analysis, and "[c]onditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months." *Smith,* 87 F.3d at 269.

Additionally, "[b]ecause a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some *actual injury* before he can receive compensation." *Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008) (emphasis added). The PLRA has engrafted this principle into its "physical injury rule," which specifies that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e) & e(h) (including pretrial detainees in definition of "prisoner"). Thus, to recover compensatory damages, a prisoner must allege a *physical injury* that is "more than … *de minimis*." *McAdoo v. Martin,* 899 F.3d 521, 525 (8th Cir. 2018); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004); *see also Bell*, 441 U.S. at 539 n.21 (explaining that "[t]here is … a *de minimis* level of imposition with which the Constitution is not concerned"). Pillow does *not* allege that being exposed to the complained of conditions in his cell caused him *any physical injury*. *See Smith*, 87 F.3d at 268 (finding no constitutional violation where a detainee failed to allege "that he was exposed to disease or suffered any other consequences" as a result of being exposed to raw sewage from an overflowing toilet for four days).

Pretrial detainees "are entitled to reasonably adequate sanitation [and] personal hygiene, … particularly over a lengthy course of time." *Stickley v. Byrd,* 703 F.3d 421, 423 (8th Cir. 2013). Pillow's alleged six-day exposure to disgusting smells from an overflowing toilet, twenty-nine days without hot water in the sinks in his cell, exposure to water into his bunk from a leaking window when it rained, which required him to occasionally sleep on the floor, and a leaking sink fails to state a viable inhumane conditions of confinement claim. *See Goldman v. Forbus*, 17 Fe.Appx. 487, 488, 2001 WL 838997 at *1 (8th Cir. July 26, 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a

constitutional violation); *Smith,* 87 F.3d at 269 (8th Cir. 1996) (no constitutional when a pretrial detainee was subjected to raw sewage for four days); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies was not a constitutional violation); *White v. Nix,* 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell did not amount to a constitutional violation).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. All of Pillow's conditions of confinement claims against all Defendants be DISMISSED, without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation or the accompanying Judgment would not be taken in good faith.

Dated this 3rd day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE